## LIZZIE THORKELDSON, AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF RUDOLPH THORKELDSON, DECEASED v. JOSEPH NICHOLSON.[1]

### February 6, 1920.

### No. 21,607.

**Physician and surgeon — duty to patient — complaint — new trial.**

When a physician is called to attend a patient, it is one of his first duties to make a proper diagnosis and ascertain the patient's trouble. This is a first step in his treatment of the patient. If defendant failed to bring to the diagnosis of his patient's case the proper degree of skill and care to enable him to administer the proper remedy, he would be guilty of neglect of duty. The complaint, fairly construed, charges defendant with such neglect. *Held*:

(1) The court properly granted a new trial, because he had dismissed the action when plaintiff rested.

(2) An admission of defendant against his own interest and the other evidence required the submission of the case to the jury. [Reporter.]

Action in the district court for Crow Wing county to recover $7,500 for malpractice in causing the death of plaintiff's intestate. The answer denied negligence on defendant's part, and alleged that intestate died from natural causes. Defendant's motion for judgment on the pleadings was denied. The case was tried before McClenahan, J., who at the close of the testimony granted defendant's motion to dismiss the action on the ground that plaintiff had failed to prove a cause of action. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*M. E. Ryan,* for respondent.

PER CURIAM.

Action to recover damages from defendant, a physician and surgeon, for negligence in treating plaintiff's intestate. At the close of plaintiff's testimony the trial court, upon motion, dismissed the action, upon the theory that there was a total lack of proof to support the allegations of the complaint. Thereafter, upon motion, the court granted a new trial, from which order defendant brings this appeal.

Plaintiff's specification numbered 5 in the motion for a new trial was that

[1]Reported in 175 N. W. 1008.

the court erred in dismissing the action when the plaintiff rested. This motion of course involved the entire record. If there was error in that respect, then there was no error in granting a new trial, and the order appealed from should be affirmed, otherwise not.

Appellant assigns as error that the trial court granted a new trial, because: (1) No error of law occurred upon the trial; (2) the record establishes the fact that plaintiff failed to sustain the cause of action alleged in the complaint by competent evidence.

In the complaint it is alleged that in March, 1915, plaintiff's son Rudolph, now deceased, was seriously ill; that she called defendant, a duly licensed physician and surgeon, to treat him; that defendant responded to such call and treated the patient first for grippe, then for typhoid fever, and lastly for acute kidney trouble; that the patient was not ill with any of such ailments, but was suffering with empyema (a collection of pus in the pleural cavity), and that defendant carelessly and negligently failed to operate upon him for the illness with which he was then suffering. Fairly construed the complaint charges the defendant with negligently failing to ascertain his patient's ailment. When a physician is called to attend a patient, it becomes one of his first duties to make a proper diagnosis and ascertain the patient's trouble. This constitutes a first step in the physician's treatment of his patient. If the defendant failed to bring to the diagnosis of his patient's case the proper degree of skill and care so as to enable him to administer the proper remedy, he would be guilty of neglect of duty. This is what the complaint charges the defendant with. Bearing in mind the fact that a proper diagnosis constitutes a part of proper treatment, we encounter little difficulty in this case.

The clear and frank statement by the trial court found in the memorandum attached to the order granting a new trial, is pertinent, and leaves no room for misunderstanding as to how the trial of the case should proceed under the issues made by the pleadings.

The plaintiff testified that, subsequent to the death of her son, she said to the defendant: "Dr. Nicholson, you had the boy for three weeks and you treated him for three different kinds of sickness and you kept him there until it was too late to get any help for him, and he kind of stooped down his head and he looked at me and, the tears were in his eyes and he says, 'Mrs. Thorkeldson,' he says, 'I knew that Rudolph had been treated wrong, and I know you can punish me for it, but it will cost me money and it will cost you money and the mischief is done, and you won't get the boy back again.'" This conversation, if it occurred, was in the nature of an admission by the defendant against his own interest and was relevant to the issues, and, when considered in connection with other evidence in the case, should have been submitted to the jury as bearing upon the issues involved. Dunnell, Minn.

Dig. and 1916 Supp. § 3409. The testimony, as it stood at the close of the trial, required the case to be submitted to the jury and the court was justified in granting a new trial. Affirmed.